UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JACOB S. ADAMS, JR.,** | Civil Action No. 15-8648 (FLW) |
| Petitioner, | |
| v. | OPINION |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

**WOLFSON, United States District Judge:**

**I.    INTRODUCTION**

Presently before the Court is Petitioner Jacob S. Adams' petition for a writ of habeas corpus purportedly brought pursuant to 28 U.S.C. §§ 2241 and 2255(e) ("§ 2241 Petition" or "instant Petition") (ECF No. 1).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and Rule 5 of the Rules Governing Section 2255 Proceedings, this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons explained below, this Court will dismiss the petition for lack of jurisdiction.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court recounts only the facts necessary to this Opinion.  Petitioner and a codefendant were charged in a series of indictments with armed bank robbery in violation of 18 U.S.C. § 2113 and use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). (*See* ECF No. 1, § 2241 Pet. at 8.)  Following a jury trial, Petitioner and his codefendant were convicted on all counts, and Petitioner was sentenced to 610 months of incarceration, three years

1

of supervised release, and ordered to pay $252,068.00 in restitution.  (*Id.*)  Petitioner and his codefendant appealed, and on July 10, 2006, the Third Circuit affirmed Petitioner's and his codefendant's convictions and but vacated their sentences pursuant to *United States v. Booker*, 543 U.S. 220 (2005).   *See United States v. Adams*, 189 F. App'x 120, 122, 124 (3d Cir. 2006).  Petitioner and his codefendant were subsequently resentenced to the same terms of incarceration previously imposed, and the Third Circuit affirmed the judgments of the District Court.  *See United States v. Ewell*, 320 F. App'x 118, 120 (3d Cir. 2008).

On December 4, 2009, Petitioner filed a petition for habeas relief under 28 U.S.C. § 2255 ("§ 2255 Petition").  *See* Civ. Act. No. 09-6152, ECF No. 1, Pet. at 10.)  His § 2255 Petition was adjudicated and dismissed on the merits by the Honorable Garrett E. Brown, Jr., on May 10, 2011. (*Id.* at ECF Nos. 16, 17.)  Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) was likewise denied on August 4, 2011.  (*Id.* at ECF Nos. 18, 20-21.)  Petitioner also appealed, and, on November 17, 2014, the Third Circuit issued its mandate affirming Judge Brown's denial of Petitioner's § 2255 Petition.  (*Id.* at ECF No. 22.)

The instant § 2241 Petition was docketed on December 14, 2015.  (Civ. Act. No. 15-8648, ECF. No. 1.)  In his § 2241 Petition, Petitioner alleges a single ground for relief, which he describes as follows:

> Petitioner Jacob S. Adams Jr.'s conviction and sentence rested solely base [sic] on a fundamental defect (defect of substance) pursuant to jurisdictional defect.  Petitioner was charges with Title 18 U.S.C. § 2113(a) and (d) for the alleged bank robberies, but Petitioner was never charged with § 2113(f) for federal jurisdiction.  The § 2113(f) is an essential element of the crime charged.  The failure of the indictment to allege all essential elements of an offense is a jurisdictional defect, requiring dismissal.  This fact is now proffer [sic].  See Exhibit – A.  With this fact tendered that the Government did not prove an essential element at trial or even have "jurisdiction", puts said conviction and sentence under a fundamental miscarriage of justice, manifest

2

>constitutional error, and manifest error.  These facts are the basis of said Writ of Habeas Corpus Title 28 U.S.C. § 2241(c)(3) subject matter jurisdiction.

(ECF No. 1, Pet. at 12-13.)  The Court now screens the § 2241 Petition for dismissal.

### III.     STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), and Rule 5 of the Rules Governing Section 2255 Proceedings this Court is required to preliminarily review Petitioner's habeas petition/motion and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### IV.     ANALYSIS

The Court first analyses whether Petitioner's claim for relief may be brought pursuant to 28 U.S.C. § 2241.  Normally, a federal prisoner must bring his challenges to the validity of his conviction or sentence through 28 U.S.C. § 2255.  *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *see also Jordan v. United States*, 615 F. App'x 764, 765 (3d Cir. 2015). Indeed, § 2255 expressly prevents this Court from considering Petitioner's petition under § 2241 unless the remedy available under § 2255 is "inadequate or ineffective" to test the legality of Petitioner's sentence.  28 U.S.C. § 2255(e); *see also Concepcion v. Zickefoose*, 442 F. App'x

3

622, 623 (3d Cir. 2011); *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). The § 2255 remedy is only inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Concepcion*, 442 F. App'x at 623 (internal quotations omitted); *see also Cradle*, 290 F. 3d at 538; *Okereke*, 307 F.3d at 120-21 (finding exception does not apply where a petitioner claims that his sentence, which was originally proper, now violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *In re Dorsainvil*, 119 F.3d 245 251-52 (1997) (applying the exception where an intervening change in law rendered the petitioner's conduct non-criminal and the petitioner had not received a previous opportunity to pursue that claim). The § 2255 remedy is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539; *see also Okereke*, 307 F.3d at 120 (quoting *Dorsainvil*, 119 F.3d at 251). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538. Section 2255(e)'s safety-valve clause "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Cradle*, 290 F.3d at 539. That exception only applies where a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" and dismissal of the petitioner's habeas petition would therefore work a miscarriage of justice. *Dorsainvil*, 119 F.3d at 251.

Here, Petitioner raises what he terms a "jurisdiction" challenge[1] to the indictment(s) charging him with the offense of armed bank robbery under 18 U.S.C. § 2113, and appears to allege that his convictions for armed bank robbery should be overturned because he was never charged under subsection § 2113(f) and the government never proved an essential element of the offense at trial.[2]

Here, regardless of the merits of his claims for relief, Petitioner clearly had the opportunity to raise this claim for relief in his first § 2255 motion and on direct appeal, and his current Petition, therefore, does not fit the *Dorsainvil* exception. Petitioner's current claim, to the extent it has merit, could have been raised at least in Petitioner's § 2255 motion, and the remedy available under § 2255 would clearly have been adequate to address the alleged issue had he properly raised his claim therein and the facts had proven his claims. Petitioner has presented no facts suggesting that there is "some limitation of scope or procedure" under § 2255 (other than the gatekeeping requirements that he cannot meet) that would have prevented Petitioner from receiving an adjudication of his claims under § 2255. As such, the remedy under § 2255 is clearly not inadequate here. *Concepcion*, 442 F. App'x at 623; *Cradle*, 290 F.3d at 538. As such, the safety-valve of § 2255(e) does not apply to Petitioner's current claim, and his

---

[1] Petitioner relies on *United States v. Cotton*, 535 U.S. 625 (2002) in arguing that defects in an indictment are "jurisdictional," but that reliance appears to be misplaced. *See id.* at 631 (explaining that "[i]nsofar as it held that a defective indictment deprives a court of jurisdiction, [*Ex parte Bain*, 121 U.S. 1 (1887)] is overruled.")

[2] By way of background, one of the elements of armed bank robbery is that the institution from which the money was stolen is a bank as defined in 18 U.S.C. § 2113(f). Section 2113(f) defines the term "bank" to mean any member bank of the Federal Reserve System, any bank organized or operating under the laws of the United States, and "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation."[2] 18 U.S.C. § 2113(f); *see also United States v. Hakim*, No. CIV.A. 04-2582, 2005 WL 2704881, at *16 (E.D. Pa. Oct. 20, 2005) (explaining same).

current petition actually constitutes a second or successive § 2255 motion brought without prior certification by the Court of Appeals.

A petitioner is required to acquire certification from the Court of Appeals before he can bring a second or successive § 2255 motion in the District Court.  *See* 28 U.S.C. § 2255(h). Where a petitioner files such a motion without first obtaining the appropriate certification, this Court lacks jurisdiction to hear the motion.  *See United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015); *see also Robison v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).  This Court must therefore either dismiss the petition for lack of jurisdiction or transfer the action to the Court of Appeals.  *Hawkins*, 614 F. App'x at 582.  This Court can only transfer this action to the Third Circuit where it is "in the interests of justice [to] transfer" the case.  28 U.S.C. § 1631.  Sections 2255(h) and 2244 permit the certification of a second or successive motion only where the claim is based on newly discovered evidence that, if proven, would be "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or is based on "a new rule of constitutional rule, made retroactive to cases on collateral review . . . that was previously unavailable."  Petitioner's claim here is neither based on new evidence, nor on a new rule of constitutional law that was previously unavailable.  As Petitioner's claim does not "prima facie satisfy the §§ 2244 and 2255(h) standard," "there [is] no reason for the District Court to transfer" Petitioner's motion to the Court of Appeals.  *Hawkins*, 614 F. App'x at 582.  As such, it would not be in the interests of justice for this Court to transfer Petitioner's current petition to the Court of Appeals, and this Court must dismiss this motion for lack of jurisdiction.

## V.     CONCLUSION

For the reasons stated above, Petitioner's Petition for a writ of habeas corpus (ECF No. 1) will be dismissed for lack of jurisdiction.  An appropriate Order follows.


/s/ Freda L. Wolfson  
Freda L. Wolfson  
United States District Judge
