UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACOB S. ADAMS, JR., | Civil Action No. 15-8648 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter has been opened to the Court by Petitioner's filing of a motion for reconsideration (ECF No. 10) of the Court's June 27, 2016 Opinion and Order, which dismissed his Petition for lack of jurisdiction. (ECF Nos. 8-9). It appearing that:

1.     In its June 27, 2016 Opinion, the Court screened Petitioner's Petition for dismissal and found that although Petitioner had brought his Petition pursuant to 28 U.S.C. § 2241, the Petition was actually a second or successive Petition under 28 U.S.C. § 2255. (*See* ECF No. 8, Opinion at 5-6.)  The Court further found that it was without jurisdiction to consider the Petition because the Petition was brought without prior authorization of the Third Circuit. (*Id.*)  The Court therefore dismissed the Petition for lack of jurisdiction. (ECF No. 9.)  In a submission dated July 12, 2016, Petitioner seeks reconsideration of the Court's June 27, 2016 Order. (ECF No. 10.)

2.     The Court begins its analysis by providing the standard for reconsideration motions. "[R]econsideration is an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5, 2003 WL 22303078

(D.N.J. Oct. 7, 2003).  A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact, or to prevent manifest injustice.  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge ... has overlooked." D.N.J. Civ. R. 7.1(i).  In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue.  *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999).

3. Although it is not entirely clear, Petitioner appears to argue that the Court erred in finding that it lacked jurisdiction to consider Petitioner's Petition under § 2241 because he is incarcerated at F.C.I. Fairton, and the proper custodian for purposes of § 2241 petition is the warden of the facility where a petitioner is detained.  (*See* ECF No. 10, Motion for Recon. at 2.)  The Court, however, did not dismiss the Petition because it found that it lacked <u>personal jurisdiction</u> over the warden at F.C.I., or because it found that the Petition should have named a different respondent or should have been filed in a different district.  Rather, the Court dismissed the Petition for lack of jurisdiction because his § 2241 Petition did not satisfy the safety-valve requirement of § 2255(e), and thus constituted a second or successive § 2255 motion brought without prior certification by the Court of Appeals.[1]  A petitioner is required to acquire

---

[1] As explained in the Court's prior Opinion, Petitioner had already sought relief for his conviction under 28 U.S.C. § 2255 ("§ 2255 Petition").  *See* Civ. Act. No. 09-6152, ECF No. 1, Pet. at 10.),

certification from the Court of Appeals before he can bring a second or successive § 2255 motion in the District Court. *See* 28 U.S.C. § 2255(h). Where a petitioner files such a motion without first obtaining the appropriate certification, the district court lacks jurisdiction to hear the motion. *See United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015); *see also Robison v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

    4.    The Court further notes that Petitioner's argument that a petitioner may bring a "jurisdictional challenge" to an indictment under § 2241 at any time has already been rejected under similar facts by the Third Circuit in *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). There, Cradle had brought a habeas petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, "claiming that the United States District Court for the Western District of North Carolina was without jurisdiction to impose the sentence that it did because the government failed to provide him with notice of its intent to pursue enhanced sentencing under the recidivist provisions of 21 U.S.C. § 841(b)(1)(A), as required by 21 U.S.C. § 851(a)(1)." *Id.* Cradle had failed to file a habeas petition under 28 U.S.C. § 2255, and, at the time he sought relief under § 2241, would be time barred under the one year limitation period for filing a § 2255 petition. *Id.* The district court summarily dismissed the petition, concluding that Cradle failed to show that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention merely because he may now be time barred from challenging the enhanced penalty through the filing of a § 2255 motion. Additionally, the court determined that Cradle's claim did not fall within the narrow "savings clause" exception set forth in *In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). *See id.*

---

and that § 2255 Petition was adjudicated and dismissed on the merits on May 10, 2011. (*Id.* at ECF Nos. 16, 17.)

5. Like Petitioner, Cradle had argued "that a challenge to the district court's jurisdiction can be raised 'any place and at any time,'" and "since he is procedurally precluded from proceeding under § 2255, he must be afforded an opportunity to attack his sentence through a § 2241 petition." *Id.* The Third Circuit flatly rejected this argument, finding that "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." *Id.* (citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir.1971)). The court further explained that "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim[,]" *id.* (citing *Galante*, 437 F.2d at 1165; *In re Dorsainvil*, 119 F.3d at 249-52), and the court found that there was "no doubt" that Cradle's claim that the district court lacked jurisdiction to sentence him in the first instance "f[ell] within the purview of § 2255." *Id.* at 539. Because Cradle could not cite to an intervening change in the law nor any extraordinary circumstances to establish that his remedy under § 2255 is inadequate or ineffective, *id.* (citing 28 U.S.C. § 2255; *In re Dorsainvil*, 119 F.3d at 251-52), he could not contend that § 2255 was inadequate or ineffective to protect him, and thus could not proceed under § 2241. (*Id.*) As such, the Third Circuit has already rejected Petitioner's argument that so-called 'jurisdictional' challenges to a conviction and/or sentence may be brought at any time pursuant to § 2241 without first establishing that the remedy under § 2255 is ineffective or inadequate.

6. Put simply, the jurisdictional defect argument Petitioner raises in his § 2241 Petition <u>should have been raised</u> in his prior § 2255 Petition. Because Petitioner cannot establish that the remedy under § 2255 is inadequate or ineffective, Petitioner cannot belatedly bring this

4

claim under § 2241, and his Petition amounts to an unauthorized second or successive petition. For these reasons, the Court finds that it did not err in dismissing Petitioner's § 2241 Petition for lack of jurisdiction, and denies Petitioner's motion for reconsideration. An appropriate Order follows.

                                                           <u>s/Freda L. Wolfson</u>
                                                           Freda L. Wolfson, U.S.D.J.

Dated: February 27, 2017